# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| WILLIAM C. LIPNICK AND ) | |
| DALE A. LIPNICK, ) | |
| ) | |
| Plaintiffs ) | |
| ) | Case No. |
| vs. ) | |
| ) | |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiffs William C. Lipnick and Dale A. Lipnick, by and through their undersigned attorneys, hereby file this Complaint against Defendant, United States of America, and in support thereof state as follows:

## NATURE OF ACTION

1. Plaintiffs seek recovery of federal income taxes, plus statutory interest on those amounts, which were overpaid for the tax years ending December 31, 2011 and December 31, 2012.

2. The Internal Revenue Service ("IRS"), a bureau of defendant United States of America, received payments of federal income taxes in excess of what was in fact owed by Plaintiffs for tax years 2011 and 2012.

**PARTIES**

3.  Plaintiffs, William C. Lipnick and Dale A. Lipnick, are husband and wife and are United States citizens who reside at 4763 Indian Lane NW, Washington, DC, 20016. Plaintiffs have resided at this address at all relevant times herein.

4.  Defendant is the United States of America.

**JURISDICTION & VENUE**

5.  This is a suit arising under the laws of the Internal Revenue Code ("I.R.C.") for the refund of income taxes erroneously paid by Plaintiffs.

6.  This Court has jurisdiction over this action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7422.

7.  Venue is proper pursuant to 28 U.S.C. § 1402(a).

**FACTS**

8.  On October 15, 2012, Plaintiffs timely filed their Form 1040, which reflected their taxes due and owing for tax year 2011, and timely paid all applicable taxes.

9.  On September 30, 2013, Plaintiffs timely filed their Form 1040, which reflected their taxes due and owing for tax year 2012, and timely paid all applicable taxes.

10.  On October 15, 2014, Plaintiffs filed Forms 1040X to amend their federal income tax returns for tax years 2011 and 2012. Plaintiffs' amended federal income tax returns resulted in a reduction of taxable income in the amounts of $255,600 for tax year 2011 and $659,765 for 2012, and in claims for refunds of $89,460 for tax year 2011 and $230,918 for tax year 2012. The amended returns and claims for refunds were timely filed under I.R.C. § 6511. A copy of the 2011 and 2012 Forms 1040X filed with the IRS Service Center in Kansas City, Missouri are attached hereto as Exhibits A and B, respectively.

*The Mar-Cal, Mayfair, and Brinkley Partnerships*

11. Plaintiff William Lipnick's father, Maurice Lipnick ("Maurice"), now deceased, was a partner in various limited liability companies that owned rental real estate in and around the greater Washington, D.C. metropolitan area, including:

    a. Mar-Cal Construction LLC ("Mar-Cal");

    b. Mayfair House Apartments LLC ("Mayfair"); and

    c. Brinkley Associates LLC ("Brinkley").

12. Mar-Cal, Mayfair, and Brinkley have at all times been treated as partnerships for federal income tax purposes.

13. In approximately June 2009, Mar-Cal, Mayfair, and Brinkley each borrowed money from M&T Realty Capital Corp. and distributed the proceeds of these loans to their respective partners, including Maurice.

14. On or about July 31, 2011, Maurice transferred to William Lipnick, by *inter vivos* gift, 50 percent of his ownership interests in Mar-Cal, Mayfair, and Brinkley. Maurice transferred the remaining 50 percent ownership interests in Mar-Cal, Mayfair, and Brinkley to William Lipnick's brother.

15. Plaintiffs did not receive any distribution of the June 2009 loan proceeds from Mar-Cal, Mayfair, or Brinkley, as they did not have any ownership interest in the partnerships at the time the loan proceeds were distributed.

*Schedules K-1 Issued by the Partnerships*

16. Mar-Cal, Mayfair and Brinkley issued Schedules K-1 to William Lipnick for tax years 2011 and 2012. The Schedules K-1 each reported William Lipnick's share of partnership income and expenses.

17.     The amount of interest expense reported on the Schedules K-1 was attributable to the interest on the June 2009 loan each partnership had obtained from M&T Realty Capital Corp., the proceeds of which had been distributed to Maurice and other partners in 2009.

18.     A copy of the partnerships' Schedules K-1 issued to William Lipnick for tax year 2011 is attached hereto as <u>Exhibit C</u>.  The Schedules K-1 reported net rental real estate income and interest expense in the following amounts:

| **Tax Year 2011 Schedules K-1 issued to William Lipnick** | | |
|---|---|---|
| | Partnership Income | Interest Expense |
| Mar-Cal | $188,047 | $148,618 |
| Mayfair | $95,274 | $76,437 |
| Brinkley | $111,875 | $83,629 |

19.     A copy of the partnerships' Schedules K-1 issued to William Lipnick for tax year 2012 is attached hereto as <u>Exhibit D</u>.  The Schedules K-1 reported net rental real estate income and interest expense in the following amounts:

| **Tax Year 2012 Schedules K-1 issued to William Lipnick** | | |
|---|---|---|
| | Partnership Income | Interest Expense |
| Mar-Cal | $488,807 | $349,811 |
| Mayfair | $269,410 | $179,780 |
| Brinkley | $243,068 | $196,705 |

*Plaintiffs' Forms 1040 and 1040x for Tax Years 2011 and 2012*

20. On their 2011 and 2012 Forms 1040, Plaintiffs characterized the interest expense reflected on the Schedules K-1 issued by Mar-Cal, Mayfair and Brinkley as investment interest, claiming a deduction for the interest expense on Schedule A.

21. On October 15, 2014, Plaintiffs filed Forms 1040X for tax years 2011 and 2012, amending the manner in which the interest expense reflected on the Schedules K-1 issued by Mar-Cal, Mayfair, and Brinkley was reported. Plaintiffs' amended federal income tax returns eliminated the deduction that had been reported on Schedule A, and instead claimed an interest expense deduction on Schedule E. This resulted in a reduction of taxable income in the amounts of $255,600 for 2011 and $659,765 in 2012, and corresponding claims for refunds in the amounts of $89,460 for 2011 and $230,918 for 2012. *See* Exhibit A at 2, Exhibit B at 2.

22. Following an examination of Plaintiffs' 2011 and 2012 amended returns, on April 7, 2016, the Internal Revenue Service mailed to the Plaintiffs a letter notifying them that their claims for refunds for tax years 2011 and 2012 were disallowed in full. A copy of the letter is attached hereto as Exhibit E.

23. On May 3, 2016, Plaintiffs appealed the notification letter denying their claims for refunds for tax years 2011 and 2012 to the IRS Office of Appeals.

24. On November 20, 2017, the IRS Office of Appeals in Philadelphia, Pennsylvania issued a notice disallowing Plaintiffs' claims for refund for tax years 2011 and 2012. A copy of the IRS Office of Appeals' notice is attached hereto as Exhibit F. The notice provided that "If you wish to bring suit or proceedings for the recovery of any tax…for which this disallowance

notice is issued, you may do so by filing such a suit with the United States District Court having jurisdiction . . . ." Exhibit F at 2.

*Plaintiffs' Forms 1040 for Tax Years 2013 and 2014 and Favorable U.S. Tax Court Decision*

25. On their 2013 and 2014 Forms 1040, Plaintiffs reported the interest expense listed on the Schedules K-1 issued by Mar-Cal, Mayfair, and Brinkley as a deduction on Schedule E. In doing so, Plaintiffs treated the interest as a passive activity expense paid on indebtedness which was allocable to the partnerships' real estate assets. Copies of Plaintiffs' Forms 1040 for tax years 2013 and 2014 are attached hereto as Exhibits G and H, respectively.

26. On October 30, 2017, the IRS issued a Notice of Deficiency to Plaintiffs for tax years 2013 and 2014. The amount of the proposed deficiency was based in part on the IRS's position that Plaintiffs' Forms 1040 for tax years 2013 and 2014 incorrectly reported the interest expenses listed on the partnerships' Schedules K-1 as passive interest expense on Schedule E rather than as an investment expense on Schedule A. A copy of the Notice of Deficiency is attached hereto as Exhibit I.

27. In response to the Notice of Deficiency for tax years 2013 and 2014, Plaintiffs filed a petition with the United States Tax Court claiming that they properly had reported the 2013 and 2014 interest expense as a deduction on Schedule E of their 2013 and 2014 Forms 1040, respectively, consistent with I.R.C. §§ 163(d), 469; 26 C.F.R. § 1.163-8T; and Notice 89-35, 1989-1 C.B. 675.

28. Plaintiffs and IRS Counsel agreed to all relevant facts pursuant to a Stipulation of Facts signed on December 19, 2018, and the case was submitted to the tax court judge for decision without trial under Tax Court Rule 122. On August 28, 2019, the United States Tax

Court entered an opinion, *Lipnick v. Commissioner of Internal Revenue*, 153 T.C. No. 1, in Plaintiffs' favor.  In the opinion, the Tax Court determined that there were no deficiencies on Plaintiffs' 2013 or 2014 federal income tax returns, stating:  "we hold that the interest expense passed through to William from M&T … was not 'investment interest' under section 163(d)….[P]etitioners correctly reported it on Schedule E as allocable to the real estate assets held by the partnerships."  A copy of the Tax Court opinion is attached hereto as <u>Exhibit J</u>.

29. Plaintiffs now file this action seeking a refund for tax years 2011 and 2012.

## **COUNT ONE – CLAIM FOR REFUND**

30. Plaintiffs reallege and incorporate by reference all of the allegations in the preceding paragraphs.

31. Plaintiffs' Form 1040X for tax year 2011 properly reported the interest expense listed on the Schedules K-1 issued by the Mar-Cal, Mayfair, and Brinkley partnerships as a deduction on Schedule E, consistent with I.R.C. §§ 163(d), 469; 26 C.F.R. § 1.163-8T; and Notice 89-35, 1989-1 C.B. 675, and *Lipnick v. Commissioner (*153 T.C. No. 1, 2019)*.

32. Plaintiffs' Form 1040X for tax year 2011 reported a reduction in taxable income in the amount of $255,600, resulting in a refund claim of federal income tax in the amount of $89,460.

33. The IRS Office of Appeals erroneously denied Plaintiffs' claim for refund for tax year 2011 pursuant to the November 20, 2017 Notice of Disallowance.

34. Plaintiffs are owed a refund of $89,460 pursuant to I.R.C. §§ 163(d), 469, 6511; 26 C.F.R. § 1.163-8T; and Notice 89-35, 1989-1 C.B. 675.

## COUNT TWO – CLAIM FOR REFUND

35. Plaintiffs reallege and incorporate by reference all of the allegations in the preceding paragraphs.

36. Plaintiffs' Form 1040X for tax year 2012 properly reported the interest expense listed on the Schedules K-1 issued by the Mar-Cal, Mayfair, and Brinkley partnerships as a deduction on Schedule E, consistent with I.R.C. §§ 163(d), 469; 26 C.F.R. § 1.163-8T; and Notice 89-35, 1989-1 C.B. 675, and *Lipnick v. Commissioner (*153 T.C. No. 1, 2019*)*.

37. Plaintiffs' Form 1040X for tax year 2012 reported a reduction in taxable income in the amount of $659,765, resulting in a refund claim of federal income tax in the amount of $230,918.

38. The IRS Office of Appeals erroneously denied Plaintiffs' claim for refund for tax year 2012 pursuant to the November 20, 2017 Notice of Disallowance.

39. Plaintiffs are owed a refund of $230,918 pursuant to I.R.C. §§ 163(d), 469, 6511; 26 C.F.R. § 1.163-8T; and Notice 89-35, 1989-1 C.B. 675.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand:

40. Judgment in their favor and against the United States of America in the amount of $89,460 for tax year 2011, plus statutory interest on that amount as allowed by law.

41. Judgment in their favor and against the United States of America in the amount of $230,918 for tax year 2012, plus statutory interest on that amount as allowed by law.

42.     Such other relief as this Court deems just and proper.

                               Respectfully submitted,

                               /s/ Ariel S. Glasner
                               Ariel S. Glasner (D.C. Bar #991442)
                               Blank Rome LLP
                               1825 Eye Street NW
                               Washington, D.C. 20006-5403
                               AGlasner@Blankrome.com
                               (202) 772-5963

                               Jill Misener (N.Y. Bar # 4424800) (*Pro Hac Vice* pending)
                               Blank Rome LLP
                               1271 Avenue of the Americas
                               New York, NY 10020
                               JMisener@Blankrome.com
                               (212) 885-5129

                               *Attorneys for Plaintiffs*